IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

KELLY BUCK,

              *Plaintiff,*

    v.

MODINE MANUFACTURING COMPANY,

              *Defendant.*

Civil Action No. 6:23CV00039

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Modine Manufacturing Company ("Modine" or "Defendant"), by and through undersigned counsel, hereby answers the Complaint as follows:

### I.    INTRODUCTION

1.    This case involves sex-based discrimination and retaliation against whistleblower-plaintiff, Ms. Buck. Plaintiff has evidence that Defendant, through its authorized agents: (1) discriminated against Ms. Buck on the basis of her sex and (2) terminated her very soon after she complained about this discrimination under the pretext of "behavioral issues."

**ANSWER:**    The allegations in Paragraph 1 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 1 of the Complaint.

### II.    JURISDICTION AND VENUE

2.    This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq., Virginia's Human Right Act, Va. Code Ann. § 2.2-3900, et seq., and the common law of Virginia (Bowman claim).

**ANSWER:**    The allegations in Paragraph 2 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 2 of the Complaint.

3.    This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5(f) and 2000e06(a), and 28 U.S.C. §§ 1331 and 1345.

**ANSWER:**    The allegations in Paragraph 3 are conclusions of law to which no response is necessary. To the extent a response is required, Modine admits the allegations in Paragraph 3 of the Complaint.

4.    This Court has supplemental subject matter jurisdiction over the claims arising under Virginia state law because they are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C.§ 1367(a).

**ANSWER:**    The allegations in Paragraph 4 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 4 of the Complaint.

5.    Venue lies in the Western District of Virginia, Roanoke Division, under 42 U.S.C. § 2000e-5(f) (3) because the unlawful employment practices documented in this Complaint occurred within the Commonwealth of Virginia.

**ANSWER:**    The allegations in Paragraph 5 are conclusions of law to which no response is necessary. To the extent a response is required, Modine admits the allegations in Paragraph 5 of the Complaint.

### III.    PARTIES

6.    Plaintiff, Kelly Buck, is a naturalized United States citizen and legal resident of the Commonwealth of Virginia.

**ANSWER:**   Modine is without sufficient information to admit or deny the allegations with regard to Plaintiff's residency. To the extent a response is required, and upon information and belief, Modine admits the allegations contained in Paragraph 6 of the Complaint

7.      Plaintiff worked for Defendant from June 30, 2022, until October 28, 2022.

**ANSWER:**   Modine admits that it previously employed Plaintiff at its Buena Vista, Virginia plant between June 2022 and October 2022.

8.      Defendant unlawfully terminated Ms. Buck shortly after she reported discrimination on the basis of sex.

**ANSWER:**   The allegations in Paragraph 8 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 8 of the Complaint.

9.      Modine Manufacturing Company ("Modine") is a Wisconsin corporation with its headquarters at 1500 Dekoven Ave., Racine, WI, 53403.

**ANSWER:**   Modine admits the allegations in Paragraph 9 of the Complaint.

10.      Ms. Buck worked at Modine's plant located at 1221 Magnolia Ave., Buena Vista, VA 24416.

**ANSWER:**   Modine admits the allegations in Paragraph 10 of the Complaint.

### IV.      EXHAUSTION OF REMEDIES

11.      On or about October 28, 2022, Ms. Buck was terminated from her position as Plant Superintendent at Modine's facility in Buena Vista, Virginia.

**ANSWER:**   Modine admits the allegations in Paragraph 11 of the Complaint.

12.      On or about December 23, 2022, Ms. Buck filed a Charge (Exhibit 1) with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant had discriminated

against her based on sex. This Charge was brought within the 300 days provided under federal and state law and retaliated against her for complaining about this discrimination.

**ANSWER:**    The allegations in Paragraph 12 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 12 of the Complaint.

13.    The Charge included a request to "dual file" it with the Virginia Council on Human Rights and that the Charge be investigated by both agencies.

**ANSWER:**    To the extent that the allegations in Paragraph 13 purport to characterize a document, the document speaks for itself. Modine denies the allegations to the extent that they are inconsistent with that document.

14.    On or about June 19, 2023, Ms. Buck asked the EEOC to issue a Notice of Right to Sue because more than 180 days had passed since he filed her Charge.

**ANSWER:**    Modine is without sufficient information to admit or deny allegations regarding Plaintiff's communications with the EEOC. To the extent a response is required, Modine denies the allegations in Paragraph 14 of the Complaint.

15.    On or about June 22, 2023, the EEOC issued a Notice of Right to Sue (Exhibit 2) giving Ms. Buck 90 days to file suit against Defendant on the basis of the claims alleged in her Charge.

**ANSWER:**    To the extent that the allegations in Paragraph 15 purport to characterize a document, the document speaks for itself. Modine denies the allegations to the extent that they are inconsistent with that document.

16.    Ms. Buck now brings this Complaint within the time period permitted to do so to vindicate her rights under Title VII, the Virginia Human Rights Act, and Virginia common law.

4

**ANSWER:**    The allegations in Paragraph 16 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 16 of the Complaint.

## V.    LEGAL FRAMEWORK

### A. Title VII of the Civil Rights Act of 1964

17.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq. forbids discrimination or retaliation on the basis of race, color, religion, sex, or national origin.

**ANSWER:**    To the extent that the allegations in Paragraph 17 purport to characterize 42 U.S. Code § 2000e, *et seq.*, the statute speaks for itself. Modine denies the allegations to the extent that they are inconsistent with that statute.

### B. Virginia's Human Rights Act, Va. Code Ann. § 2.2-3900, et seq.

18.    Under Va. Code Ann. § 2.2-3905, "[i]t is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's ... sex."

**ANSWER:**    To the extent that the allegations in Paragraph 18 purport to characterize Va. Code Ann. § 2.2-3905, the statute speaks for itself. Modine denies the allegations to the extent that they are inconsistent with that statute.

### C. Virginia's Common Law "Bowman Claim"

19.    In Virginia, the at-will employment doctrine is not absolute. One exception is the "public policy exception," commonly referred to as a "Bowman claim."

**ANSWER:**    The allegations in Paragraph 19 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 19 of the Complaint.

20.    To succeed on a Bowman claim, the employee must show that the statute falls within one of two categories: (1) the statute explicitly states that it expresses a public policy of Virginia; or (2) the statute is designed to protect the property rights, personal freedoms, health, safety, or welfare of the public and the employer violated that public policy and wrongfully discharged the employee for performing a duty under that statute or for refusing to engage in its violation.

**ANSWER:**    The allegations in Paragraph 20 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 20 of the Complaint.

21.    The discharged employee must also show that he or she is within the class of persons the statute is designed to protect.

**ANSWER:**    The allegations in Paragraph 21 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 21 of the Complaint.

22.    Under Virginia law, terminating an employee for internally reporting unlawful conduct is a recognized Bowman claim.

**ANSWER:**    The allegations in Paragraph 22 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 22 of the Complaint.

**VI.    STATEMENT OF FACTS**

6

23.     Ms. Buck was hired on June 30, 2022, as a Plant Superintendent at Modine's Buena Vista, Virginia facility (the "Facility").

**ANSWER:**     Modine admits the allegations in Paragraph 23 of the Complaint.

24.     Ms. Buck is a 2012 West Point graduate with a Bachelor's degree in Psychology.

**ANSWER:**     Modine is without sufficient information to admit or deny allegations regarding Plaintiff's educational background. To the extent a response is required, Modine denies the allegations in Paragraph 24 of the Complaint.

25.     Ms. Buck was a three-time All American while studying at West Point and served as a Field Artillery Officer for five years following graduation.

**ANSWER:**     Modine is without sufficient information to admit or deny allegations regarding Plaintiff's athletic and professional background. To the extent a response is required, Modine denies the allegations in Paragraph 25 of the Complaint.

26.     After leaving the Army, Ms. Buck worked as an HR Generalist for Saint-Gobain and HR Supervisor for NVR, Inc.'s manufacturing plants while simultaneously completing coursework to earn her MBA in 2021.

**ANSWER:**     Modine is without sufficient information to admit or deny allegations regarding Plaintiff's educational and professional background. To the extent a response is required, Modine denies the allegations in Paragraph 26 of the Complaint.

27.     Upon graduation, Ms. Buck was hired to work for Modine to oversee all plant operations, including seven supervisors and approximately 250 employees at the Facility.

**ANSWER:**     Modine admits only that Ms. Buck was hired as a Plant Superintendent in June 2022. Modine denies the remaining allegations in Paragraph 27 of the Complaint.

28.     By virtue of this hire, Ms. Buck replaced Brent Secrist who assumed the position of Human Resources Manager at Modine.

**ANSWER:**   Modine admits only that Mr. Secrist formerly served as the Plant Superintendent. Modine denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Around the same time, Modine hired Cindy Forbes to be the Focus Factory Manager at the Facility.

**ANSWER:**   Modine admits that it hired Ms. Forbes as a Factory Focus Manager in June 2022.

30.     Ms. Forbes holds a Bachelor of Science in Business and has previously served as Manufacturing Manager, Operations Manager, and Plant Manager during her ten years at Lear Corporation.

**ANSWER:**   Modine is without sufficient information to admit or deny allegations regarding Ms. Forbes' educational and professional background. To the extent a response is required, Modine denies the allegations in Paragraph 30 of the Complaint.

31.     Ms. Forbes also worked as Plant Manager and Improvement Manager at Consolidated Metco and Business Unit Manager at Cooper Crouse-Hinds prior to joining Modine.

**ANSWER:**   Modine is without sufficient information to admit or deny allegations regarding Ms. Forbes' professional background. To the extent a response is required, Modine denies the allegations in Paragraph 31 of the Complaint.

32.     As a result of hiring Ms. Buck and Ms. Forbes, Modine transitioned from male-dominated leadership at the Facility to a much more diverse environment.

**ANSWER:**   Modine denies the allegations in Paragraph 32 of the Complaint, as Modine was diverse prior to the addition of Ms. Buck and Ms. Forbes.

33.     This change in leadership was unsettling to Modine's Manufacturing Engineering Manager, Doug Penney, who has worked for Modine for over 31 years.

**ANSWER:**     Modine denies the allegations in Paragraph 33 of the Complaint.

34.     Following Ms. Forbes's hiring, Mr. Penny treated her with condescension and disdain despite being of equal rank.

**ANSWER:**     Modine denies the allegations in Paragraph 34 of the Complaint.

35.     Mr. Penney also had to regularly interact with Ms. Buck, and he treated her as his subordinate even though she reported to Ms. Forbes, not him.

**ANSWER:**     Modine denies the allegations in Paragraph 35 of the Complaint.

36.     Throughout Ms. Buck's employment with Modine, Mr. Penney regularly behaved and spoke to both Ms. Buck and Ms. Forbes in condescending and misogynistic terms.

**ANSWER:**     Modine denies the allegations in Paragraph 36 of the Complaint.

37.     On one occasion in July, Ms. Forbes approached Mr. Penney about a safety issue at the plant.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint. To the extent a response is required, Modine denies the allegations in Paragraph 37 of the Complaint.

38.     Ms. Forbes noticed that interior temperatures for employees working near ovens used to bake paint off of hanging hooks reached nearly 100 F° because the oven doors were being left open while the hooks cooled.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint. To the extent a response is required, Modine denies the allegations in Paragraph 38 of the Complaint.

39.     Rather than complying with this order to alleviate a safety concern, Mr. Penney turned to Ms. Forbes and, using a condescending tone and pacing as if talking to a dumb child, began explaining the principle of heat conservation.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint. To the extent a response is required, Modine denies the allegations in Paragraph 39 of the Complaint.

40.     Ms. Forbes did not make eye contact with Mr. Penny during his very long and slow explanation, a technique that Mr. Penney often employed during morning meetings when he patronized Ms. Buck and Ms. Forbes.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations in Paragraph 40 of the Complaint. To the extent a response is required, Modine denies the allegations in Paragraph 40 of the Complaint.

41.     Matt Niebur, Modine's Plant Manager, was present during this shockingly misogynistic behavior yet said nothing.

**ANSWER:**     Modine denies the allegations in Paragraph 41 of the Complaint.

42.     On or about July 30, 2022, Mr. Niebur conducted 30-day follow-ups with Ms. Buck and Ms. Forbes to ask how things were going during their first month.[1]

**ANSWER:**     Modine admits only that Mr. Niebur conducted meetings with Ms. Buck about forty-five days after they started their employment with Modine on or about August 19,

---

[1] 60-day and 90-day meetings were scheduled with Ms. Buck but never took place.

2022. Modine denies the remaining allegations in Paragraph 42 of the Complaint, including the allegations contained in the footnote.

43.     During this meeting, Ms. Buck told Mr. Niebur about several instances in which Mr. Penney had displayed patronizing and misogynistic behaviors towards her and Ms. Forbes.

**ANSWER:**     Modine denies the allegations in Paragraph 43 of the Complaint.

44.     Ms. Buck specifically reported Mr. Penney's behavior during the mid-July safety concern Ms. Forbes presented and at morning meetings.

**ANSWER:**     Modine denies the allegations in Paragraph 44 of the Complaint.

45.     Rather than taking Ms. Buck's concerns seriously, Mr. Niebur stated, "Doug has always been like that" because "Doug tends to over-explain things because he doesn't believe other people understand what's going on at the company, especially newer people."

**ANSWER:**     Modine denies the allegations in Paragraph 45 of the Complaint.

46.     Ms. Buck might have agreed with Mr. Niebur's explanation for Mr. Penney's behavior except for the fact that Ms. Buck had not seen Mr. Penney express that sort of behavior towards Shannon Craighead, a newly-hired male employee.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal beliefs. To the extent a response is required, Modine denies those allegations. Modine denies the remaining allegations in Paragraph 46 of the Complaint.

47.     Ms. Buck repeated her observations that Mr. Penney treated Ms. Forbes and herself far worse than Mr. Craighead and that he did so because they were female and Mr. Craighead was male.

**ANSWER:**     Modine denies the allegations in Paragraph 47 of the Complaint.

48.     Again, rather than validating and taking Ms. Buck's concerns seriously and reporting the issue to Human Relations, Mr. Niebur stated he did not think Mr. Penney had an issue with women.

**ANSWER:**     Modine denies the allegations in Paragraph 48 of the Complaint.

49.     A few days later, Ms. Buck told Ms. Forbes she had complained to Mr. Niebur about Mr. Penney's sexist behavior toward them as female employees.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 49 of the Complaint.

50.     Ms. Forbes thereafter told Ms. Buck that Mr. Niebur was required to make an official report to Human Relations.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 50 of the Complaint.

51.     When Ms. Forbes brought her own concerns to Mr. Niebur, Ms. Forbes reported that Mr. Niebur had stated, "Doug's been like this for the last 11 years. That's just the way Doug is."[2]

**ANSWER:**     Modine denies the allegations in Paragraph 51 of the Complaint, including the allegations contained in the footnote.

52.     In mid-August 2022, Mr. Penney again used his typical condescending tone and approach when speaking with Ms. Buck in his office.

_____

[2] It is unclear whether Mr. Niebur ever reported either of these reports of sexist behavior to Modine's Human Resources department.

**ANSWER:**   Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 52 of the Complaint.

53.   Following that discussion, Ms. Buck told Mr. Penney she respectfully disagreed with the point he was making and found his tone to be patronizing and inappropriate.

**ANSWER:**   Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 53 of the Complaint.

54.   Mr. Penney became very defensive and denied behaving any differently toward Ms. Buck or Ms. Forbes than he treated Modine's male executives.

**ANSWER:**   Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 54 of the Complaint.

55.   Following this conversation, Ms. Buck told Ms. Forbes that she had confronted Mr. Penney directly about this issue.

**ANSWER:**   Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 55 of the Complaint.

56.   On another occasion in early October 2022, Mr. Penney approached Ms. Buck while setting up lockers on the floor.

**ANSWER:**   Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal interactions. To the extent a response is required, Modine denies the allegations in Paragraph 56 of the Complaint.

57.     Mr. Penney ordered Ms. Buck to move the lockers to align with a yellow line on the floor.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 57 of the Complaint.

58.     Ms. Buck told Mr. Penney that she was doing as she was instructed.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 58 of the Complaint.

59.     Mr. Penney responded in an exaggeratedly slow voice "this is the yellow line."

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 59 of the Complaint.

60.     Ms. Buck told him she understood what line he was talking about and directed him to speak to Ms. Forbes about the locker positioning to end the conversation.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 60 of the Complaint.

61.     Following this incident, Ms. Buck and a male employee, Chris Collins,[3] were sitting in Ms. Forbes's office when Ms. Buck stated she believed Mr. Penney treated Ms. Forbes and herself badly because he did not know how to work with women.

---

[3] This employee has no relation to Plaintiff's attorney in this matter with the same name.

14

**ANSWER:**    Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 61 of the Complaint.

62.    Ms. Forbes agreed that may be why Mr. Penny treated them poorly and also why Mr. Penny and Dwight Shanks had told Mr. Collins he should not work so closely with the female executives.

**ANSWER:**    Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 62 of the Complaint.

63.    Around lunchtime on October 6, 2022, Mr. Niebur stopped by Ms. Buck's office and asked her what she was upset about.

**ANSWER:**    Modine admits only that Mr. Niebur and Ms. Buck had a conversation on October 6, 2022 following Ms. Buck's poor handling of a conflict on the plant floor during which Mr. Niebur inquired about what caused the conflict. Modine denies the remaining allegations in Paragraph 63 of the Complaint.

64.    Ms. Buck responded she was bothered by the way Mr. Niebur treated the complaints of another female[4] at Modine compared to the way he dismissed her concerns.

**ANSWER:**    Modine denies the allegations in Paragraph 64 of the Complaint, including the allegations contained in the footnote.

65.    Mr. Niebur angrily walked away without responding.

**ANSWER:**    Modine denies the allegations in Paragraph 65 of the Complaint.

---

[4] This female employee was more submissive and did not voice concerns about the way women were treated a Modine.

15

66.     The next morning, October 7, 2022, Mr. Niebur summoned Ms. Buck to his office.

**ANSWER:**     Modine admits only that Mr. Niebur and Ms. Buck had a meeting on October 7, 2022 to discuss the conflict that occurred the day before.

67.     Ms. Buck notified Ms. Forbes of the meeting and stated she was planning to file an ethics complaint about sexism she experienced at Modine and Mr. Niebur's refusal to correct the situations.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations regarding Plaintiff's personal communications. To the extent a response is required, Modine denies the allegations in Paragraph 67 of the Complaint.68.When Ms. Buck arrived at Mr. Niebur's office, she discovered no one else was present and Mr. Niebur had not informed Ms. Buck's direct supervisor, Ms. Forbes, that he was going to speak with Ms. Buck.

**ANSWER:**     Modine admits only that the meeting was attended by Mr. Niebur and Ms. Buck. Modine denies the remaining allegations in Paragraph 68 of the Complaint.

69.     Mr. Niebur told Ms. Buck he did not think it was appropriate the way she had confronted him about sexism at Modine.

**ANSWER:**     Modine denies the allegations in Paragraph 69 of the Complaint.

70.     Ms. Buck reminded Mr. Niebur they had previously discussed Mr. Penney's misogyny and that it was still going on even after she had reported it to him.

**ANSWER:**     Modine admits only that during Ms. Buck and Mr. Niebur's forty-five day employment review meeting on August 19, 2022, Ms. Buck noted that she did not appreciate Mr. Penney's communication style. Ms. Buck did not state or otherwise insinuate that Mr. Penney's communication style was based on or because of her sex during their August 19, 2022 meeting.

Modine denies the remaining allegations in Paragraph 42 of the Complaint, including the allegations contained in the footnote.

Modine denies the allegations in Paragraph 70 of the Complaint.

71.     Mr. Niebur told Ms. Buck that Mr. Penney was "just trying to be helpful" when he attempted to explain things but that he could discuss the problem with Mr. Penney and let him know Ms. Buck did not find the behavior helpful.

**ANSWER:**     Modine admits only that Mr. Niebur informed Ms. Buck that he would speak with Mr. Penney, and that Mr. Niebur verbally counseled Mr. Penney regarding his communication style. Modine denies the remaining allegations in Paragraph 71 of the Complaint.

72.     Ms. Buck responded that she had already expressed to Mr. Penney she did not appreciate his tone and behavior when he spoke to her.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations in Paragraph 72 of the Complaint. To the extent a response is required, Modine denies the allegations in Paragraph 72 of the Complaint.

73.     Mr. Niebur told Ms. Buck that Mr. Penney was at least trying to be helpful and that Ms. Buck's "sarcastic" complaining was "rotting the plant from the inside out."

**ANSWER:**     Modine denies the allegations in Paragraph 73 of the Complaint.

74.     On the afternoon of October 28, 2022, Mr. Niebur summoned Ms. Buck to his office for a "difficult conversation."

**ANSWER:**     Modine admits only that Mr. Niebur and Ms. Buck had a meeting on October 28, 2022. Modine denies the remaining allegations in Paragraph 74 of the Complaint.

75.     Brent Secrist from Human Resources was already there when Ms. Buck arrived.

**ANSWER:**   Modine admits only that Mr. Niebur and Ms. Buck had a meeting on October 28, 2022, and that Mr. Secrist was also in attendance. Modine denies the remaining allegations in Paragraph 75 of the Complaint.

76.   Ms. Buck was surprised to see Mr. Secrist at the meeting but not Ms. Forbes, Ms. Buck's direct supervisor.

**ANSWER:**   Modine is without sufficient information to admit or deny allegations regarding Ms. Buck's state of mind. To the extent a response is required, Modine denies the allegations in Paragraph 76 of the Complaint.

77.   Mr. Niebur told Ms. Buck she was being terminated for "behavioral issues."

**ANSWER:**   Modine admits only that Ms. Buck was informed her employment was terminated. Modine denies the remaining allegations in Paragraph 77 of the Complaint.

78.   Ms. Buck was confused and asked what behaviors Mr. Niebur was referring to.

**ANSWER:**   Modine is without sufficient information to admit or deny allegations regarding Ms. Buck's state of mind. To the extent a response is required, Modine denies those allegations. Modine denies the remaining allegations in Paragraph 78 of the Complaint.

79.   Mr. Niebur stated they had a meeting about the issues and that "several other people" had already spoken to her about them as well.

**ANSWER:**   Modine admits only that Ms. Buck had received prior notice on several occasions, including an in-person meeting, regarding the issues that formed the basis of her termination. Modine denies the remaining allegations in Paragraph 79 of the Complaint.

80.   Ms. Buck responded, "no one else has spoken to me about my behavior, so I'm a little confused about what behaviors you are talking about."

**ANSWER:**   Modine denies the allegations in Paragraph 80 of the Complaint.

81.    Mr. Niebur continued that he "had already had a meeting with you" about the behaviors and that he "wasn't going to get into it here."

**ANSWER:**    Modine admits only that Ms. Buck had received prior notice on several occasions, including an in-person meeting, regarding the issues that formed the basis of her termination. Modine denies the remaining allegations in Paragraph 81 of the Complaint.

82.    Ms. Buck told Mr. Niebur and Mr. Secrist that the only meeting she and Mr. Niebur had about her "behavior" was when she confronted him about Mr. Penney's continued misogynistic treatment of her.

**ANSWER:**    Modine denies the allegations in Paragraph 82 of the Complaint.

83.    Mr. Secrist's expression suggested he was surprised by Ms. Buck's comments regarding the misogynistic treatment she had endured.

**ANSWER:**    Modine denies the allegations in Paragraph 83 of the Complaint.

84.    Ms. Buck was thereafter terminated and offered a 1-month severance to waive all claims against Modine and its agents.

**ANSWER:**    Modine admits only that Ms. Buck was offered four weeks of severance as is Modine's standard practice with all departing employees. Modine denies the remaining allegations in Paragraph 84 of the Complaint.

85.    Ms. Buck rejected that offer.

**ANSWER:**    Modine admits that Ms. Buck did not accept Modine's standard severance offer.

## VII. CAUSES OF ACTION

### COUNT I
**Defendant Discriminated Against Plaintiff on the Basis of Her Sex
in Violation of Title VII, 42 U.S.C. § 2000e-2(a)**

86.     Plaintiff re-alleges and incorporates by reference paragraphs 1-85 as if fully set forth herein.

**ANSWER:**     Modine incorporates its responses by reference to Paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87.     Plaintiff was at all times material hereto an employee of Defendant covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq., prohibiting discrimination or harassment on the basis of sex.

**ANSWER:**     The allegations in Paragraph 87 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant is, and at all times material hereto was, an employer within the meaning of 42 U.S.C. § 2000e-b and as such was prohibited from discriminating against Plaintiff on the basis of sex as set forth in 42 U.S.C. § 2000e-2(a).

**ANSWER:**     The allegations in Paragraph 88 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 88 of the Complaint.

89.     Plaintiff is female and is therefore a member of a protected class within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq.

**ANSWER:**     The allegations in Paragraph 89 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 89 of the Complaint.

90.    Defendant discriminated against Plaintiff on the basis of her sex in violation of Title VII by engaging in a continuing course of conduct, which included, but is not limited to, the following acts:

a.    Mr. Penney's failure to show the same respect to Ms. Buck as he did to male executives;

b.    Mr. Penney treated Ms. Buck as his subordinate even though she reported to Ms. Forbes;

c.    Mr. Penney's continued misogynistic tone and behavior not only towards Ms. Buck, but also Ms. Forbes thereby showing his disdain towards female executives;

d.    Mr. Penney's refusal to make eye contact with either Ms. Buck or Ms. Forbes when he patronized these female executives during meetings;

e.    Mr. Niebur callously responding, "Doug has always been like that," regarding Ms. Buck's first complaint of the sexist treatment she experienced. Worse, Mr. Niebur attempted to justify Mr. Penney's behavior because Mr. Penney didn't "believe new employees know what's going on at the company." This was a lackluster attempt as Mr. Penney did not show the same tone and behavior towards Shannon Craighead, a newly hired male employee;

f.    Mr. Niebur's failure to report Ms. Buck's concerns about the sex discrimination she raised, as he was required to do;

g.    Mr. Niebur compared Ms. Buck's complaints as being "sarcastic" and her reported sexism was "rotting the plant from inside out;"

> h.   Mr. Niebur's refusal to confront Mr. Penney regarding his behavior towards Ms. Buck and Ms. Forbes;
>
> i.   Mr. Niebur angrily walked away without responding to Ms. Buck's complaints on October 6, 2022.

**ANSWER:**   The allegations in Paragraph 90 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 90, including subparts (a)-(i), of the Complaint.

91.   Plaintiff's protected status - Female - was a motivating factor for this discriminatory conduct.

**ANSWER:**   Modine denies the allegations in Paragraph 91 of the Complaint.

92.   Plaintiff's supervisors were aware of this overtly discriminatory treatment because they participated in it.

**ANSWER:**   Modine denies the allegations in Paragraph 92 of the Complaint.

93.   Defendant ratified Mr. Penney's conduct by failing to remedy, acknowledge, or even report Ms. Buck's complaints regarding the sex discrimination she faced.

**ANSWER:**   Modine denies the allegations in Paragraph 93 of the Complaint.

94.   As a direct and proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until she is reinstated to her previous position as Plant Superintendent at Modine's Buena Vista, Virginia location.

**ANSWER:**   Modine admits   only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

95.     Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

**ANSWER:**     Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

**COUNT II**
**Defendant Retaliated Against Plaintiff for Opposing Unlawful Discrimination**
**in Violation of Title VII, 42 U.S.C. § 2000e-3(a)**

96.     Plaintiff re-alleges and incorporates by reference paragraphs 1-95 as if fully set forth herein.

**ANSWER:**     Modine incorporates its responses by reference to Paragraphs 1 through 95 of the Complaint as though fully set forth herein.

97.     Plaintiff reported sex-based discrimination to which she was subjected to by employees of Defendant. These acts included:

a.   Reporting Mr. Penney's patronizing and misogynistic behaviors to Mr. Niebur directly during her 30-day follow-up;

b.   Expressing to Mr. Penney directly that she did not appreciate his misogynistic tone or behavior towards her and that he treated her differently than male executives;

c.   On October 6, 2022, Ms. Buck reported to Mr. Niebur that he did not treat Ms. Buck's complaints seriously. Mr. Niebur ignored Ms. Buck's concerns;

d.   On October 7, 2022, Ms. Buck notified Ms. Forbes that she was planning to file an ethics complaint about the sexism she experienced;

e.   During the meeting on October 7, 2022, Ms. Buck again reported directly to Mr. Niebur Mr. Penney's misogynistic behavior. Again, instead of taking these

23

complaints seriously and investigating the situation, Mr. Niebur claimed Mr. Penney was "just trying to be helpful," and accused Ms. Buck's "sarcastic" complaints were "rotting the plant from the inside out."

**ANSWER:**    Modine denies the allegations in Paragraph 97, including subparts (a)-(e), of the Complaint.

98.    In doing so, Plaintiff engaged in protected activity by opposing a practice made unlawful under Title VII.

**ANSWER:**    The allegations in Paragraph 98 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 98 of the Complaint.

99.    In response to Plaintiff's protected activity, Defendant retaliated against her by terminating her under the pretext of "behavioral issues."

**ANSWER:**    The allegations in Paragraph 99 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 99 of the Complaint.

100.    The only "behavioral issues" Ms. Buck was aware of were her reports of sexism at Modine. When Ms. Buck asked for Mr. Niebur to clarify the specific behavioral issues, he instead responded that he, "had already had a meeting with [Ms. Buck]" about the behaviors and that he "wasn't going to get into it here."

**ANSWER:**    Modine denies the allegations in Paragraph 100 of the Complaint.

101.    The close temporal proximity between Ms. Buck's protected activity and her termination supports a very strong inference of causation.

**ANSWER:**   The allegations in Paragraph 101 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 101 of the Complaint.

102.   As a direct and proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until she is reinstated to her previous position Plant Superintendent at Modine's Buena Vista, Virginia location.

**ANSWER:**   Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

103.   Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

**ANSWER:**   Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

### COUNT III
### Defendant Discriminated Against Plaintiff on the Basis of Her Sex
### in Violation of Va. Code Ann. § 2.2-3905

104.   Plaintiff re-alleges and incorporates by reference paragraphs 1-103 as if fully set forth herein.

**ANSWER:**   Modine incorporates its responses by reference to Paragraphs 1 through 103 of the Complaint as though fully set forth herein.

105.   Plaintiff was at all times material hereto an employee of Defendant covered by the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900, et seq., prohibiting discrimination or harassment on the basis of sex.

**ANSWER:**   The allegations in Paragraph 105 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 105 of the Complaint.

106.   Defendant is, and at all times material hereto was, an employer within the meaning of Va. Code Ann. § 2.2-3905 and as such was prohibited from discriminating against Plaintiff on the basis of sex as set forth in Va. Code Ann. § 2.2-3905(B).

**ANSWER:**   The allegations in Paragraph 106 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 106 of the Complaint.

107.   Plaintiff violated Va. Code Ann. § 2.2-3905(B) by engaging in the acts listed in paragraph 90 of this Complaint.

**ANSWER:**   The allegations in Paragraph 107 are conclusions of law to which no response is necessary. To the extent a response is required, Modine denies the allegations in Paragraph 107 of the Complaint.

108.   Plaintiff's protected status - Female - was a motivating factor for this discriminatory and harassing conduct.

**ANSWER:**   Modine denies the allegations in Paragraph 108 of the Complaint.

109.   Plaintiff's supervisors were aware of this overtly discriminatory treatment because they participated in it.

**ANSWER:**   Modine denies the allegations in Paragraph 109 of the Complaint.

110.   Defendant ratified Mr. Penney's conduct by failing to remedy, acknowledge, or even report Ms. Buck's complaints regarding the sex discrimination she faced.

**ANSWER:**   Modine denies the allegations in Paragraph 110 of the Complaint.

111.    As a direct and proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until she is reinstated to her previous position as Plant Superintendent at Modine's Buena Vista, Virginia location.

**ANSWER:**    Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

112.    Under Va. Code Ann. § 2.2-3908(B), Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

**ANSWER:**    Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

### COUNT IV
### Defendant Retaliated Against Plaintiff for Opposing Unlawful Discrimination in Violation of Va. Code Ann. § 2.2-3905

113.    Plaintiff re-alleges and incorporates by reference paragraphs 1-112 as if fully set forth herein.

**ANSWER:**    Modine incorporates its responses by reference to Paragraphs 1 through 112 of the Complaint as though fully set forth herein.

114.    Plaintiff engaged in the protected activities outlined in paragraph 97 by opposing a practice made unlawful under the Virginia Human Rights Act.

**ANSWER:**    Modine denies the allegations in Paragraph 114 of the Complaint.

115.    In response to Plaintiff's protected activity, Defendant retaliated against her by terminating her under the pretext of "behavioral issues."

**ANSWER:**    Modine denies the allegations in Paragraph 115 of the Complaint.

116.    As a direct and proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until she is reinstated to her previous position as Plant Superintendent at Modine's Buena Vista, Virginia location.

**ANSWER:**    Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

117.    Under Va. Code Ann. § 2.2-3908(B), Plaintiff is entitled to recover compensatory damages, punitive damages, declaratory and injunctive relief, attorney fees, costs, and interest.

**ANSWER:**    Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

**COUNT V**
**Defendant Retaliated Against Plaintiff for Reporting Violations of State and Federal Law in Violation of Va. Code Ann. § 40.1-27.3**

118.    Plaintiff re-alleges and incorporates by reference paragraphs 1-117 as if fully set forth herein.

**ANSWER:**    Plaintiff re-alleges and incorporates by reference paragraphs 1-117 as if fully set forth herein.

119.    Plaintiff reported, in good faith, violations of state and federal law when she complained to Mr. Niebur, Mr. Penney, and Ms. Forbes as outlined in paragraph 97.

**ANSWER:**    Modine denies the allegations in Paragraph 119 of the Complaint.

120.    As a direct and proximate cause of Plaintiff's good faith efforts to oppose Defendant's unlawful acts, Defendant terminated her employment.

**ANSWER:**    Modine denies the allegations in Paragraph 120 of the Complaint.

121.    The pretexts invented to support Plaintiff's termination are objectively and verifiably false.

**ANSWER:**    Modine denies the allegations in Paragraph 121 of the Complaint.

122.    Plaintiff lost her job and source of income and benefits as a result of opposing Defendant's unlawful conduct.

**ANSWER:**    Modine denies the allegations in Paragraph 122 of the Complaint.

123.    Under Va. Code Ann. § 40.1-27.3(c), Plaintiff is entitled to reinstatement and "compensation for lost wages, benefits, and other remuneration, together with interest thereon, as well as reasonable attorney fees and costs."

**ANSWER:**    Modine admits only that Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

## COUNT VI
## Bowman Claim under Virginia Common Law

124.    Plaintiff re-alleges and incorporates by reference paragraphs 1-123 as if fully set forth herein.

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 124 of the Complaint.

125.    Under Virginia law, an at-will employee asserting a wrongful discharge claim must identify a Virginia statute establishing a public policy that was violated by the employer.

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is

required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 125 of the Complaint.

126.    Va. Code Ann. § 2.2-520(A) states,

It is the policy of the Commonwealth of Virginia to provide for equal opportunities throughout the Commonwealth to all its citizens, regardless of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, sexual orientation, gender identity, disability, familial status, marital status, or status as a veteran and, to that end, to prohibit discriminatory practices with respect to employment, places of public accommodation, including educational institutions, and real estate transactions by any person or group of persons, including state and local law-enforcement agencies, in order that the peace, health, safety, prosperity, and general welfare of all the inhabitants of the Commonwealth be protected and ensured.

(Emphasis added.)

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 126 of the Complaint.

127.    Moreover, Va. Code Ann. § 2.2-3905(B)(1)(a) states,

It is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . sex.

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 127 of the Complaint.

128.    The Commonwealth has forcefully established a clear public policy against sex-based discrimination and has proclaimed such behavior unlawful.

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 128 of the Complaint.

129.    In addition to discriminating against Ms. Buck by engaging in the acts described in paragraph 90, Defendant also retaliated against Plaintiff by terminating her shortly after Ms. Buck complained to Mr. Niebur, Mr. Penney, and Ms. Forbes as outlined in paragraph 97.

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 129 of the Complaint.

130.    In response, Defendant retaliated against Ms. Buck as a direct result of Ms. Buck's efforts to oppose this unlawful discrimination.

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 130 of the Complaint.

131.    As a direct and proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until she is reinstated to her previous position as Plant Superintendent at Modine's Buena Vista, Virginia location.

**ANSWER:**    The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is

required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 131 of the Complaint.

132.     Plaintiff is also entitled to punitive damages of up to $350,000 under Bowman v. State Bank of Keysville, 229 Va. 534 (1985) and the common law of the Commonwealth of Virginia.

**ANSWER:**     The allegations in Paragraphs 124 to 132 of the Complaint are subject to Modine's Partial Motion to Dismiss filed contemporaneously with this Answer and no response is required at this time. To the extent a response is required, Modine denies the allegations in Paragraph 132 of the Complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kelly Buck prays that judgment be entered in her favor and against the Defendant as follows:

a.     That Plaintiff be reinstated to Plant Superintendent at Modine's Buena Vista, Virginia location she previously held or be paid an appropriate amount in front-pay in lieu of reinstatement;

b.     That Defendant pay compensatory damages for all lost wages, bonuses, benefits, and promotions Plaintiff lost and continues to lose as a result of Defendant's unlawful termination until she is reinstated as Plant Superintendent at Modine's Buena Vista, Virginia location.

c.     That Defendant pay punitive damages in an amount not to exceed $300,000 pursuant to Title VII, 42 U.S.C. § 2000e-2(a) for unlawfully discriminating against Plaintiff on the basis of her sex;

     d.     That Defendant pay punitive damages in an amount not to exceed $350,000 pursuant to <u>Bowman v. State Bank of Keysville</u>, 229 Va. 534 (1985) and the common law of the Commonwealth of Virginia for unlawfully terminating Plaintiff;

     e.     That Plaintiff be awarded all reasonable attorney fees and costs, pursuant to Title VII, 42 U.S.C. § 2000e-5, and Va. Code Ann. § 40.1-27.3;

     f.     That Plaintiff be awarded pre-judgment and post-judgment interest; and

     g.     That the Court award such other and further relief as is just, equitable, and proper.

**ANSWER:**   Modine admits that only Plaintiff purports to seek relief against it, but denies all remaining allegations and specifically denies that Plaintiff is entitled to the relief requested or any other relief whatsoever.

PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

**ANSWER:**   Modine admits only that Plaintiff demands a jury trial in this matter.

## AFFIRMATIVE DEFENSES

### GENERAL DENIAL

Modine denies each and every allegation of fact, conclusion of law, or other matter contained in Plaintiff's Complaint not expressly admitted herein.

### DEFENSES

Modine asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Modine and are Plaintiff's burden to prove. Modine further expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1.     Modine denies that it is liable to Plaintiff in any way or for any amount whatsoever.

2.     Plaintiff has failed to state a claim upon which relief may be granted.

3.     Plaintiff is unable to state a claim for relief under the common law of the Commonwealth of Virginia because a common law wrongful termination claim cannot be predicated upon a statute that provides an independent and specific remedy, and as such, Count VI must be dismissed.

4.     At all times relevant to Plaintiff's Complaint, Modine promulgated and maintained policies and procedures to prevent and correct any alleged illegal discrimination, harassment, or retaliation in the workplace.

5.     Plaintiff unreasonably failed to take advantage of Modine's policies and procedures designed to prevent and correct illegal discrimination, harassment, and retaliation.

6.     All actions taken by Modine with respect to Plaintiff were justified, reasonable, and in good faith, without any improper motive, purpose, or means, and without any hatred, ill will, malice, or intent to injure Plaintiff.

7.     All employment actions taken by Modine with respect to Plaintiff and referred to herein were motivated by legitimate, non-discriminatory and non-retaliatory reasons.

8.     Modine asserts that, to the extent Plaintiff's managers and supervisors were unaware of alleged claims of discrimination or harassment, an inference exists that any adverse employment action made without this knowledge was not pretextual or retaliatory under applicable discrimination statutes.

9.     Modine has not engaged in a discriminatory practice or practices with malice or reckless indifference to the state and/or federally protected rights of Plaintiff, thus punitive damages are not appropriate.

10.     Plaintiff has failed to allege any facts that would support an award of compensatory or punitive damages.

11.     Plaintiff failed to mitigate her damages, if in fact damages are proven.

12.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Modine, Modine is entitled to an offset and credit concerning Plaintiff's alleged damages, such as an offset or credit based, for example, on earnings and unemployment compensation Plaintiff has received since the events about which she complains.

13.     To the extent Plaintiff has suffered any injury or harm, which is denied, Plaintiff's damages have been caused by her own conduct or the conduct of others for whom Modine has no responsibility.

Modine states that it intends to rely upon any and all other defenses, as may be developed through discovery and the evidence, and Modine reserves the right to alter, amend, or add to this Answer to the Complaint and these Defenses at any time prior to trial or during trial, to conform the same to the evidence produced in discovery or at trial.

WHEREFORE, having answered Plaintiff's Complaint and asserted its Defenses, Defendant Modine Manufacturing Company respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, enter judgment in favor of Modine Manufacturing Company, and award Modine Manufacturing Company its attorneys' fees and any other relief the Court deems appropriate.

Respectfully submitted,

Dated: August 31, 2023              MODINE MANUFACTURING COMPANY


By:     /s/        *Amy M. Pocklington*
Amy M. Pocklington (VSB No. 45233)
amy.pocklington@ogletreedeakins.com

Ashlee N. Williams (VSB No. 95063)
Ashlee.williams@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Telephone: (804) 663-2341
Fax: (804) 225-8641

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of same to counsel for Plaintiff:

Mia Yugo, Esq.
Christopher E. Collins, Esq.
YUGO COLLINS
25 Franklin Rd, SW
Roanoke, VA  24011
mia@yugocollins.com
chris@yugocollins.com
*Counsel for Plaintiff*

/s/          *Amy M. Pocklington*
Amy M. Pocklington (VSB No. 45233)
amy.pocklington@ogletreedeakins.com
Ashlee N. Williams (VSB No. 95063)
Ashlee.williams@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA  23219
Telephone: (804) 663-2341
Fax: (804) 225-8641
*Counsel for Defendant*